Adam E Hauf, Esq. (026702)
HAUF LAW PLC
4225 W. Glendale, Ste. A104
Phoenix, Arizona 85051
Telephone: (623) 252-0742
admin@hauflaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In re:

**JOEY BRENT BRINGHURST,**

    Plaintiff,

  v.

**NEAL DUNCAN,**

    Defendant.

No. CV-15-00368-PHX-DJH

**ANSWER TO COMPLAINT FOR NON DISCHARGABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523; BREACH OF CONTRACT; FRAUD; CONVERSION**

Now comes Defendant, Neal Duncan ("Duncan" or "Defendant"), by and through undersigned counsel and in response and answer to Plaintiff's Complaint allegations, herewith files his Answer as follows:

**ANSWER**

1. Answering Complaint paragraph 1, on information and belief admits the allegations contained therein.

2. Admits the allegations contained in Complaint paragraph 2.

3. Answering Complaint paragraph 3, on information and belief admits the allegations contained therein.

4. Admits the allegations contained in Complaint paragraph 4.

5. Answering Complaint paragraph 5, admits this Court has jurisdiction if the diversity requirement not alleged by Plaintiff is met and affirmatively asserts that said jurisdiction is now acknowledged because this matter as alleged is no longer in an adversary proceeding before the Bankruptcy Court but has been removed to the District Court which subject to proof of diversity has jurisdiction over all matters pled by Plaintiff.

6. Answering Complaint paragraph 6, Defendant admits that a portion of the pleadings constitute core matters and that other portions of the pleadings concern noncore matters and further affirmatively allege that neither Plaintiff's nor Defendant's pleadings contain a statement as required by Bankruptcy Rules 7008(a) and 7012(b) that the pleader does or does not consent to entry of a final order or judgment by the bankruptcy judge. Notwithstanding this Answer, the removal of this case to the District Court has rendered all matters relating to non-core moot, however, diversity which is relied upon by Plaintiff has not been pled.

7. Answering Complaint paragraph 7, Defendant admits that the venue is proper in the District Court subject to the diversity issue.

8. Defendant incorporates by reference each and every answer and response set forth above as if fully set forth herein.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Answering Complaint paragraph 12, Defendant admits that he was aware that Greenburg Traurig served as security counsel for Lifelock, but is without sufficient knowledge to admit or deny the allegations contained therein.

13. Answering Complaint paragraph 13, on information and belief Defendant admits the allegations therein.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Answering Complaint paragraph 15, on information and belief Defendant admits the allegations therein.

16. Answering Complaint paragraph 16, Defendant admits that dealing strictly through his broker, Mr. Jim Liebes, representations were made through such broker to Plaintiff that Defendant legally owned shares in Lifelock, but affirmatively alleges that Defendant did not make such representations directly to Plaintiff.

17. Answering Complaint paragraph 17, Defendant admits that through his broker Defendant offered to sell a portion of his stock in Lifelock.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Answering Complaint paragraph 20, Defendant admits the allegations therein but affirmatively alleges the parties knew that the delivery of a certificate or certificates was required to be done by Defendant's broker, Mr. Liebes.

21. Answering Complaint paragraph 21, Defendant admits the allegations contained therein and affirmatively alleges that the Plaintiff knew or should have known that such requirements would be performed by Defendant's broker.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Answering Complaint paragraph 23, Defendant admits that the check referred to therein was written and affirmatively asserts, denies and alleges that the check was not given to him on July 7, 2008.

24. Answering Complaint paragraph 24, Defendant admits he cashed Plaintiff's check on March 4, 2009 after it had been forwarded to him by his broker.

25. Answering Complaint paragraph 25, Defendant admits the allegations contained therein.

26. Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Answering Complaint paragraph 27, Defendant admits the allegations contained therein and affirmatively alleges that Plaintiff knew or should have known that such requirements would be performed by Defendant's broker as Defendant believed had been done pursuant to the First Agreement.

28. Answering Complaint paragraph 28, Defendant admits the allegations contained therein and affirmatively alleges and asserts that Plaintiff knew or should have known that such requirements would be performed by Defendant's broker as Defendant believed had been done pursuant to the First Agreement.

29. Defendant admits the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

**COUNT ONE: BREACH OF CONTRACT**

32. Defendant incorporates by reference each and every answer and response in paragraphs 1 through 31 as if fully set forth herein.

33. Answering Complaint paragraph 33, Defendant admits he executed Agreements 1 and 2, but demands strict proof of the remaining allegations as to the issue of enforceability and therefore denies such allegations.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Answering Complaint paragraph 36, Defendant denies that he refused to deliver to shares of stock and admits that he has been unable to refund the monies received.

37. Answering Complaint paragraph 37, Defendant denies the allegations contained therein.

38. Answering Complaint paragraph 38, Defendant denies the allegations contained therein.

**COUNT TWO: FRAUD**

39. Defendant incorporates by reference each and every answer and response in paragraphs 1 through 38 as if fully set forth herein.

40. Defendant admits the allegations contained in paragraph 40 of Plaintiff's Complaint, but affirmatively alleges that Plaintiff was aware of the fact that such shares were held by Defendant's broker.

41. Defendant admits the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant admits the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

## COUNT THREE: CONVERSION

49. Defendant incorporates by reference each and every answer and response in paragraphs 1 through 48 as if fully set forth herein.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

## COUNT FOUR: NONDISCHARGABILITY

54. Defendant incorporates by reference each and every answer and response in paragraphs 1 through 53 as if fully set forth herein.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct Affirmative Defenses, the Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non Core Proceedings and Diversity)

58. The relief requested in Count One, Two and Three of Plaintiff's Complaint are not core proceedings and since neither Plaintiff or Defendant as provided in Federal Rules of Bankruptcy Procedure ("FRBP") Rules 7008(a) and 7012(b) have consented to final orders or judgments by the bankruptcy judge, the Court does not have jurisdiction. The removal of this case to the District Court has resolved Defendant's objection, however, Plaintiff has not properly shown the diversity which is necessary for the District Court to hear these matters and the diversity issue has not been pled by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

59. The Complaint, and each purported allegation and cause of action contained therein fails to state facts sufficient to consolidate a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

60. No relief may be obtained under the Complaint by reason of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

61. Plaintiff is precluded from asserting the positions set forth in the Complaint and the relief sought thereunder by virtue of the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Jurisdiction)

62. Plaintiff's Complaint is subject to dismissal, in whole or in part, pursuant to FRCP 12(b), for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue and failure to state a claim. In addition, Plaintiff has failed to plead the diversity necessary for this Court to have diversity jurisdiction as alleged by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Defendant's Activities)

63. Defendant affirmatively alleges that any of his acts or omissions, if any, were not a substantial factor in bringing about the alleged damages, and therefore were not a contributing cause thereof, but were superceded by the acts and omissions of others whose acts were the intervening and proximate cause of any such damages allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

64. The Defendant reserves the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense including without limitation those matters set forth in FRCP 8(c) as discovery shows to be applicable.

WHEREFORE Defendant respectfully requests that the Court

A.    That the Complaint be dismissed in its entirety or in the alternative that Plaintiff be denied the relief sought and take nothing;

B.    That Defendant be awarded his reasonable attorneys' fees and costs incurred according to proof and according to Federal and State laws; and

C.    For such other and further relief as this Court deems proper.

DATED this 5th day of November, 2015.

                            **HAUF LAW PLC**

                            /s/ Adam E. Hauf
                            Adam E. Hauf, Esq.
                            Attorney for Debtor

Copy of the foregoing
emailed this 5th day of
November, 2015 to:

Sandra Slaton, Esq.
Joel E. Sannes, Esq.
**HORNE, SLATON & SANNES, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253


By: /s/ Deanna Cresta
      Deanna Cresta